07 CIV 8824

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)

JUDGE PATTERSON

------------------------------------------------------------x
MAYA VENKATRAMAN,                                            )
A099 120 164                                                 )
                                                             )
                                                             )
            PLAINTIFF,                                       )    Case No: ___ cv ___
                                                             )
    v.                                                       )
                                                             )
ANDREA QUARANTILLO, in her official capacity                 )    RECEIVED
as Director of the New York City District of                 )    OCT 12 2007
U.S. Citizenship and Immigration Services;                   )    U.S.D.C. S.D. N.Y.
                                                             )    CASHIERS
EMILIO T. GONZALEZ, in his official capacity as              )
Director of U.S. Citizenship and Immigration Services;       )
                                                             )
MICHAEL CHERTOFF, in his official capacity as                )
Secretary of the U.S. Department of Homeland Security;       )
                                                             )
PETER D. KEISLER, in his official capacity as                )
Acting Attorney General of the United States;                )
                                                             )    ECF CASE
ROBERT S. MUELLER III, in his official capacity as           )
Director of the Federal Bureau of Investigation;             )
                                                             )
            DEFENDANTS.                                      )
                                                             )
------------------------------------------------------------x

## COMPLAINT FOR WRIT OF MANDAMUS

Plaintiff, Maya Venkatraman, through undersigned counsel, alleges, upon information and belief, as follows:

### I.   INTRODUCTION

1.   This is a civil action brought by Plaintiff, Maya Venkatraman, to compel Defendants, and those acting under them, to take action on her Application to Adjust Status to Lawful Permanent Resident of the United States (USCIS Form I-485, hereinafter "I-485 Application"), which she filed in May 2004, more than 3 years and 6 months ago, and which

remains within the jurisdiction of Defendants. Plaintiff is eligible to adjust her status to lawful permanent resident, and she has complied with all requirements for making such an application. Defendants, however, have failed to take timely action on her application in contravention of the below-referenced statutes and regulations to which they are subject.

## II.    JURISDICTION

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1361 and 1331, in conjunction with the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b), 702 and 706(1), and the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*

3.      This Court may compel Defendants to act pursuant to 28 U.S.C. § 1361, which states in relevant part, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Defendants owe Plaintiff a duty to adjudicate her I-485 Application in a timely manner. Plaintiff herein seeks to compel Defendants to perform such duty.

4.      Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the APA, 5 U.S.C. §§ 555(b), 702 and 706(1), as well as the INA, 8 U.S.C. § 1101, *et seq.*, and the regulations implemented pursuant thereto (Title 8 of the Code of Federal Regulations ("C.F.R.")).

5.      The jurisdiction conferring provision of the APA provides as follows:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or *failed to act in an official capacity* or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. *The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States* . . .

5 U.S.C. § 702 (emphasis added). Moreover, the APA requires that "[w]ith due regard for convenience and necessity of the parties or their representatives *within a reasonable time, each agency shall proceed to conclude a matter presented to it,*" 5 U.S.C. §555(b) (emphasis added). Moreover, the APA provides the District Courts with the power to "compel agency action unlawfully withheld or *unreasonably delayed.*" 5 U.S.C. § 706(1) (emphasis added).

U.S. Citizenship and Immigration Services (legacy Immigration and Naturalization Service ("INS"), hereinafter "USCIS") and the Federal Bureau of Investigations ("FBI") are authorities of the U.S. Government, and thus, they are subject to these provisions of the APA. 5 U.S.C. § 701(b). Plaintiff herein asserts that Defendants' have unreasonably delayed the processing of her I-485 Application.

6.      The INA and its implementing regulations provide numerous examples of duties owed by USCIS to Applicants in the adjustment of status process. 8 U.S.C. § 1103(a)(1) states that "The Secretary of Homeland Security *shall* be charged with the administration and

2

enforcement of this Act and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General . . ." (emphasis added).

The regulations further provide that "[an] applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added).

The language of the statute and the regulations is mandatory, and requires that Defendants complete the adjudication of Plaintiff's I-485 Application, and provide her with a decision on that application. Although the overall determination made on this application is of a discretionary nature, the action of adjudicating Plaintiff's application is required by both statute and regulation.

### III.    VENUE

7.    Venue is proper under 28 U.S.C. §1391(e) because Plaintiff resides in this district and no real property is involved in this action.

### IV.    PARTIES

8.    Plaintiff, Maya Venkatraman, is a national and citizen of India. As the wife of Sudarshan Subrahmanyan, Plaintiff is the "immediate relative" of a U.S. citizen, as defined in INA § 1151(b)(2)(A)(i). Mr. Subrahmanyan, a naturalized citizen of the U.S., petitioned USCIS to classify Plaintiff as an immediate relative through submission of Form I-130, Petition for Alien Relative to the Missouri Service Center on or around May 12, 2004, pursuant to 8 U.S.C. § 1154(a)(1)(A)(i). Also on or around May 12, 2004, Plaintiff concurrently submitted Form I-485 Application to Register Permanent Residence or to Adjust Status pursuant to 8 U.S.C. § 1255(a). Mr. Subrahmanyan's visa petition was approved on or around March 28, 2006. Based on the approval of this visa petition filed on her behalf, Plaintiff is eligible to adjust her status to lawful permanent resident. Plaintiff was fingerprinted by USCIS on or around June 30, 2004 as part of the Agency's adjudication of her I-485 Application. She was interviewed for her I-485 Application on or around July 27, 2004. On or around June 1, 2006, USCIS issued a lengthy request for evidence in connection with her I-485 Application. Plaintiff and her husband respond promptly and completely on or around June 7, 2006. Plaintiff was then fingerprinted a second time on or around June 22, 2006. On or around August 30, 2006, Plaintiff's I-485 Application was transferred from the California Service Center to the New York District Office. Although Plaintiff has timely complied with all requirements for the processing of her I-485 Application, her application remains unadjudicated to the present day. Despite numerous inquiries by Plaintiff and her Congressional and legal representatives on the status of her I-485 Application, USCIS has failed to adjudicate the application within a reasonable period of time. USCIS has indicated that the FBI's Name Check Program is responsible for these unreasonable delays in adjudication, but has taken no action to expedite the name check process. Ms. Vankatraman is the proper plaintiff for bringing suit against Defendants for their failure to act on her I-485 Application to adjust her status to lawful permanent resident.

9. Defendant Andrea Quarantillo is sued in her official capacity as the District Director of the New York District Office of USCIS. As such, she is the designate of the U.S. Department of Homeland Security ("DHS") for the New York District, charged with the duty to administer and enforce all functions, powers and duties of USCIS. District Director Quarantillo is a proper defendant as her District Office has jurisdiction over Plaintiff's I-485 Application.

10. Emilio T. Gonzalez is sued in his official capacity as Director of USCIS, the Agency within DHS that is primarily responsible for adjudicating Plaintiff's I-485 Application.

11. Michael Chertoff is sued in his official capacity as Secretary of DHS. On November 25, 2002, the President signed into law the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), which created DHS on January 24, 2003 and transferred to DHS all functions of the former INS of the U.S. Department of Justice, and all authorities with respect to those functions, beginning March 1, 2003. INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

12. Peter D. Keisler is sued in his official capacity as Acting Attorney General of the United States. As such, he is the head of the United States Department of Justice and the chief law enforcement officer of the federal government. The Attorney General is ultimately responsible for the FBI, as it is a subdivision of the U.S. Department of Justice, which is ultimately responsible for conducting biometric background checks on all adjustment of status applicants.

13. Robert S. Mueller III is sued in his official capacity as Director of the FBI. Director Mueller is a proper defendant because USCIS representatives have attributed the delays in processing Plaintiff's I-485 Application to the biometric background checks conducted by the FBI.

## V. FACTS

14. Plaintiff, Maya Venkatraman, is a citizen of India. Plaintiff married Sudarshan Subrahmanyan, a naturalized citizen of the United States, on December 11, 2002. On or around May 12, 2004, Mr. Subrahmanyan filed a Petition for Alien Relative (Form I-130) to the USCIS Missouri Service Center on behalf of Plaintiff pursuant to 8 U.S.C. § 1154(a)(1)(A)(i), seeking to classify her as the "immediate relative" of a U.S. citizen, as defined in INA § 1151(b)(2)(A)(i). This petition was approved on or around March 28, 2006.

15. Plaintiff concurrently submitted Form I-485 Application to Adjust Status with Mr. Subrahmanyan's I-130 Petition to the Missouri Service Center on or around May 12, 2004, seeking to adjust her status to lawful permanent resident of the United States pursuant to 8 U.S.C. § 1255(a).

16. On or around May 14, 2004, USCIS notified Plaintiff that processing of her I-485 Application required a $70 "fingerprint fee," and provided her with 87 days to submit a check for

this amount. Plaintiff timely complied with the USCIS request, and she was fingerprinted by USCIS on or around June 30, 2004.

17. Both Plaintiff and her husband, Mr. Subrahmanyan, were interviewed for her I-485 Application on or around July 27, 2004 at the USCIS New York District Office at 26 Federal Plaza.

18. On or around February 3, 2005, Plaintiff contacted her husband's Representative, Congressman Jerrold Nadler, requesting that he inquire into the status of Plaintiff's I-485 Application. Congressman Nadler's Office forwarded a response from USCIS to Plaintiff on or around March 16, 2006, which stated that a request for evidence on Plaintiff's I-485 Application was ordered on March 3, 2006. On or around March 24, 2006, congressman Nadler's office forwarded a USCIS response to Plaintiff indicating that the request for evidence was never sent to Plaintiff, but was no longer applicable and that Plaintiff was to be scheduled for fingerprinting.

19. On or around June 1, 2006, USCIS issued a lengthy request for evidence in connection with her I-485 application. Plaintiff and Mr. Subrahmanyan respond promptly and completely to the request for evidence on or around June 7, 2006.

20. Plaintiff was fingerprinted a second time in connection with her I-485 Application on or around June 22, 2006.

21. On or around August 30, 2006, the California Service Center sent a notice to Plaintiff, informing her that her I-485 Application was transferred to the New York City District Office at 26 Federal Plaza, New York, New York 10278, implying that her response to the request for evidence was received and her I-485 Application would be adjudicated in a timely fashion. Plaintiff's I-485 Application remains pending at the New York District Office.

22. On or around September 19, 2006, Congressman Nadler's office forwarded to Plaintiff a series of emails between the Congressman's office and USCIS where USCIS responded to inquiries on the status of Plaintiff's I-485 Application by stating that the final security check remained pending, and thus, a final decision on the application could not be rendered. USCIS noted that it was unable to provide a timeframe within which the security check would be completed.

23. On or around May 22, 2007, Congressman Nadler's office forwarded to Plaintiff another USCIS inquiry response, reiterating that the final security check related to Plaintiff's I-485 Application remained pending and that a final decision on the application could not be rendered until the security check was completed. USCIS continued to assert that it was unable to provide a timeframe within which the security check would be completed.

24. On or around June 5, 2007, Mr. Subrahmanyan mailed letters to the District Director of USCIS' New York District Office and to FBI Director Mueller on behalf of Plaintiff, requesting assistance in resolving the security check issue. Plaintiff received no response to the request.

25. Plaintiff is eligible pursuant to 8 U.S.C. § 1255(a) to adjust her status to that of lawful permanent resident of the United States as the beneficiary of an approved I-130 Petition that was filed on her behalf by her U.S. citizen spouse. Although her husband's I-130 Petition seeking to classify her as an "immediate relative" was expeditiously approved on March 28, 2006, Plaintiff's adjustment application has remained unadjudicated for more than 3 years and 6 months.

26. On or around February 1, 2007, Senator Hillary Clinton inquired into the status of Plaintiff's I-485 Application and was answered by Section Chief Michael A. Cannon of the National Name Check Program Section of the Records Management Division of the FBI, who indicated that the name check required for processing Plaintiff's I-485 Application remained pending. Similarly, an inquiry by the office of the First Lady on or around August 22, 2007, was answered by the Section Chief indicated that the name check for Plaintiff's I-485 Application remained pending.

27. Legal counsel for Plaintiff inquired directly with USCIS, through the Infopass system, on or around August 21, 2007 and September 25, 2007 as to the nature of the delay in processing Plaintiff's I-485 Application. Counsel was told by officers that the delay is the result of a pending name check. Plaintiff has also appeared for Infopass appointments at the New York District Office approximately 8 times during the pendency of her I-485 Application to inquire into the status of the adjudication. Each and every time, Plaintiff was told that a decision was delayed because of the uncompleted security check.

## VI.    Prayer for Relief

28. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 27 as though fully rewritten herein.

29. Plaintiff meets the eligibility criteria for adjusting her status to lawful permanent resident of the United States and has complied with all requirements for making such an application.

30. Defendants owe Plaintiff a duty to adjudicate her I-485 Application, but have unreasonably failed to perform that duty. This duty is owed under the INA and the regulations issued by its authority.

31. By charging filing fees, USCIS undertook an obligation to process and complete the adjudication of these applications in a timely manner.

32. The delay in adjudication of Plaintiff's I-485 Application is unreasonable because Defendants have sufficient information to determine Plaintiff's eligibility pursuant to the applicable requirements. To date, said I-485 Application has not been adjudicated for a period of more than 3 and 6 months.

33. The delay is unreasonable in light of the fact that Plaintiff was interviewed for her I-485 application more than three years ago, fingerprinted twice, and she responded to the

government's request for evidence more than one year ago. Because fact-finding has been completed, there is no reason for any further delay.

34. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of Plaintiff's inquiries on her applications.

35. The delay is unreasonable in that the New York City District Office Processing Dates, as posted on September 15, 2007, reflect that the District Office is currently processing I-485 Applications received by USCIS on January 7, 2007, nearly three years after Plaintiff submitted her own application.

36. Plaintiff has been damaged by being deprived of the status of lawful permanent resident during the interminable pendency of her I-485 Application. Plaintiff seeks to integrate fully into American society and culture, and her capacity to do so has been impeded by her inability to obtain status on a more permanent basis. Moreover, Plaintiff's ability to work and to travel is subject to yearly scrutiny by USCIS, whereby Plaintiff must depend on the timely processing of additional applications and pay considerable application fees.

37. Defendants' refusal to act on this application is arbitrary and not in accordance with the law. Defendants have willfully and unreasonably refused to adjudicate Plaintiff's I-485 Application for more than 3 years and 6 months, whereby they have deprived Plaintiff of her statutory entitlement to a decision on her application.

38. In violation of the APA, 5 U.S.C. §§ 555(b) and 706(1), Defendants are unlawfully withholding or unreasonably delaying action on Plaintiff's I-485 Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's I-485 Application.

39. Plaintiff's numerous inquiries into the status of her I-485 Application, via letters, telephone calls and personal appointments and her requests to complete the processing of her application have been completely ignored by USCIS through its delegates at the New York City District Office. Plaintiff has therefore exhausted any administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and unwillingness to adjudicate Plaintiff's I-485 Applications for adjustment of status. Accordingly, Plaintiff has been forced to pursue the instant action.

**WHEREFORE, in light of the arguments and authorities noted herein, Plaintiff, Maya Venkatraman, respectfully prays that the Court:**

(a) Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's I-485 Application to Adjust Status to lawful permanent resident of the United States;

(b) Grant such other and further relief at law and in equity as justice may require;

    (c)    Grant attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted,

*/s/ Cyrus D. Mehta*

Cyrus D. Mehta (CM2067)
Cyrus D. Mehta & Associates, P.L.L.C.
67 Wall Street, Suite 1801
New York, NY 10005
Tel: (212) 425-0555
Fax: (212) 425-3282
Email: cm@cyrusmehta.com

Dated: October 12, 2007
      New York, New York